ON MOTION
NEWMAN, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Vernetta M. Marrero’s appeal for lack of jurisdiction. Marrero opposes.
The Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans’ Appeals denying Marrero entitlement to retroactive apportionment of pension benefits. The Veterans Court ruled that determining whether Marrero filed a timely claim for apportionment required an application of the law to the facts of the case. Marrero appealed to this court.
*892 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Appeals for Veterans Claims is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review “(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). If an appellant’s case does not meet these criteria, 38 U.S.C. § 7292(d) requires this court to dismiss the appeal. See In re Bailey, 182 F.3d 860 (Fed.Cir.1999).
The Secretary asserts that Marrero’s challenges on appeal involve only factual disputes or the application of law to facts. In opposition, Marrero states she filed an appeal with this court because of the Veterans Court’s “failure to consider and to rule within their decision — various statutes, facts, and information that were obviously overlooked.” Marrero refers to “evidence” in the record that she believes supports her claim for apportionment of pension benefits. Marrero argues that the VA should “settl[e] this case immediately since the evidence is so blatantly obvious that VA was wrong in numerous overlooked incidents.” Marrero does not assert a challenge to the validity or interpretation of a statute or regulation or a constitutional issue. Thus, our limited jurisdiction does not permit review. See 38 U.S.C. § 7292.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) The revised official caption is reflected above.
(4) Each side shall bear its own costs.